**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1323**

SAFIA COBEY,

            Plaintiff - Appellant,

      v.

PETE GEREN, Secretary of the Army,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:08-cv-00406-LO-JFA)

Argued:  January 27, 2011          Decided:  April 19, 2011

Before GREGORY and AGEE, Circuit Judges, and Irene C. BERGER, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Donna Renee Williams Rucker, GEBHARDT & ASSOCIATES, LLP, Washington, D.C., for Appellant.  Monika L. Moore, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Frazer Walton, Jr., LAW OFFICE OF FRAZER WALTON, JR., Washington, D.C., for Appellant.  Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Safia Cobey appeals the district court's order granting summary judgment in favor of Pete Geren in this employment discrimination action brought under the Rehabilitation Act of 1973. 29 U.S.C. § 701. Cobey asserts that she is an individual with a disability under the Act and that Geren, her employer, failed to accommodate her disability.

## I.

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). This Court reviews the district court's grant of summary judgment de novo. Monumental Paving & Excavating Manufacturer's Ass'n Ins. Co., 176 F.3d 794, 797 (4th Cir. 1999). A genuine issue of material fact exists when there is a factual dispute that might affect the outcome of the case and a reasonable factfinder could find in favor of the nonmoving party. Anderson, 477 U.S. at 248. Inasmuch as the evidence contained in the record is insufficient to create a genuine issue of material fact, we affirm the district court's judgment.

Cobey was employed as a fabric worker in the Directorate of Public Works and Logistics, Services Division, Central Issue Facility (CIF) at Fort Myer, Virginia. As a fabric worker, her duties included performing alterations and repairs on military uniforms. The physical demands of this position included standing at work tables, stooping, bending, kneeling and sitting for long periods to sew.

On March 14, 2006, she suffered what she describes as an "on-the-job injury" and went to the emergency room. She returned to work on March 16, 2006, and presented a note from her treating physician, Dr. Cho, to her immediate supervisor, Ms. Hernandez. The note is hand-written and difficult to read. It appears to list some limitations and it states, "Length of limitations: 3 weeks, till reevaluated by me or other physician." Cobey was placed on "light duty status" within four (4) days to a week of her return to work.

On March 22, 2006, she had an appointment regarding her back pain with Dr. Ramler, of Family Practice Woodbridge Clinic. Her records indicate that she was "released w/o limitations." On April 5, 2006, Cobey was involved in a car accident and injured her back. She saw Dr. Doroski, a chiropractor, for that injury. Dr. Doroski's records indicate that Cobey reported that she did not have any symptoms of her previous work injury before the car

3

accident occurred and that her prognosis for recovery was favorable. When she returned to work on April 19, 2006, she presented a medical form to Ms. Hernandez detailing her limitations. This form stated that Cobey's "Duration of Total Disability" was from April 6, 2006, to April 18, 2006. There is some dispute in the record as to whether Dr. Doroski intended April 18, 2006, to be the actual ending date for the Plaintiff's limitations. However, a plain reading of the form indicates that the limitations were temporary in nature. Cobey asserts that Ms. Hernandez refused to accommodate her limitations.

On April 21, 2006, Cobey called an ambulance from her job site and was transported to the hospital. She did not return to work after this day. One month later she began treatment for her back injury with an orthopedist. She filed a formal EEO complaint with the Department of the Army and was denied relief. She appealed this denial by filing her federal complaint.

III.

Under the Act, an "individual with a disability," or handicap, is defined as one who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. 29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(2)(A); see Pollard v.

4

High's of Baltimore, Inc., 281 F.3d 462, 467. In determining whether an impairment substantially limits a major life activity, the court may consider the "nature and severity of the impairment," the "duration or expected duration of the impairment," and the "permanent or long term impact" of the impairment. 29 C.F.R. § 1630.2(j)(2); see Pollard, 281 F.3d at 467-68 ("An impairment simply cannot be a substantial limitation on a major life activity if it is expected to improve in a relatively short period of time.")

The district court found that the record demonstrates that Cobey's injuries were temporary and that her employer had no reason to believe she suffered from a permanent disability. The district court further found that the restrictions noted by Dr. Doroski did not rise to the level of substantial limitation.


IV.

Cobey contends that she meets both (i) and (iii) of the Act's definition of a person with a disability because she has established that she has a substantially limiting impairment and because her supervisors were aware that her condition limited her life activities such as standing for a long time, lifting anything above her shoulders and bending at the waist. The evidence in this case demonstrates that Cobey did have some limitations to these normal life activities as a result of her

5

on the job injury and accident, but there is nothing in the record to suggest that her limitations were other than short-term. The records from her doctors give positive prognoses for recovery, release her from care or note her improvement. When Dr. Doroski treated her for the car accident, he noted that her symptoms from her previous work injury had disappeared, and indicated the temporary nature of her current injury. Six weeks after her accident Dr. Doroski reported that she ranked her pain as one out of ten, with ten being unbearable pain. Thus, the record shows that Cobey did not have an impairment with a permanent or long-term impact.

Additionally, Cobey has not established that her supervisors perceived her as having such an impairment. The doctors' notes presented to her supervisor contained end dates for her limitations. Despite her employer's stated efforts to give Cobey light work, they had no reason to believe she had a substantially limiting impairment of a permanent or long-term nature.

V.

There is no genuine issue of material fact as to whether Cobey meets the Act's definition of disability. None of her medical records, including the few relied on by her employer, establish that her injuries were more than temporary. Because

6

there is no disability under the Act, Cobey has not met the threshold requirement for bringing her claim. Accordingly, we affirm the district court's order granting summary judgment in favor of Geren.

<u>AFFIRMED</u>